CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, v. THE CITY OF DAVENPORT, Appellee.

**Appeal:** DIVIDED COURT: AFFIRMANCE OF JUDGMENT. Where members of the Supreme Court are equally divided in opinion respecting a question controlling the appeal, the judgment of the trial court is affirmed by operation of the statute.

*Appeal from Scott District Court.*— HON. J. W. BOLINGER, Judge.

THURSDAY, JUNE 15, 1905.

The opinion states the case.— *Affirmed.*

*J. C. Cook* and *Lane & Waterman,* for appellant.

*Henry Theunen, Jr.,* for appellee.

PER CURIAM.   The question of controlling importance in this case is whether the general statutes of this State having relation to the subject of the assessment for taxation of properties used exclusively in railway operation, and including the provisions of section 1305 of the Code, as amended, are applicable to and govern in the case of the defendant, a special charter city, in respect of assessments for purely municipal purposes.   The contention of the plaintiff is that the general statute applies to all taxing districts of the State, including special charter cities, and for all purposes; accordingly, that in each of such districts the assessment as made by the executive council of the State must be accepted, and taxes must be levied on the basis of taxable value — that is, one-fourth of the actual value, as provided for in said section 1305 — and in conformity with the assessment and certification as made by said council.   The con-

tention of the defendant, on the other hand, is that under the provisions of its special charter and the law of the State having direct relation to special charter cities it has full right and plenary power to make by its own officers independent assessments of railway properties for purely municipal purposes, and upon such basis as to valuations, common to all classes of property, as it may by ordinance elect; accordingly, that the railway assessment statute and section 1305 are without effect as related to such municipal assessments.

The members of the court are equally divided in opinion respecting the question thus presented, and it follows that by operation of law the judgment of the trial court must be and it is *affirmed*.