CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellee, v. THE CITY OF CEDAR RAPIDS, Appellant.

BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellee, v. THE CITY OF CEDAR RAPIDS, Appellant.

CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee, v. THE CITY OF CEDAR RAPIDS, Appellant.

**Appeal:** DIVIDED COURT: AFFIRMANCE. Where the members of the Supreme Court are equally divided in opinion concerning a question controlling the appeal, the judgment of the trial court is affirmed by operation of statute.

**Assessment of property:** DUTY OF ASSESSOR. An assessor is required to search out the property to be assessed and exercise an independent judgment in valuing the same.

*Appeals from Linn District Court.*— HON. J. H. PRESTON, Judge.

THURSDAY, JUNE 15, 1905.

THE several cases above entitled were tried together in the court below, and there was judgment in favor of the plaintiff. is each case.   The defendant appeals in each of the cases, and the Chicago & Northwestern Railway Company filed an appeal in the case in which it is plaintiff.   The cases have been submitted together in this court.— *Affirmed.*

*John N. Hughes,* for appellant.

*J. C. Davis,* for appellee C. & N. W. Ry. Co.

*Carroll Wright,* for appellee B., C. R. & N. Ry. Co.

*J. C. Cook* and *Grimm, Trewin & Moffit,* for appellee C., M. & St. P. Ry. Co.

PER CURIAM.   First, as to the defendant's appeals. The principal question involved in each of the cases is the same as that presented by the case of *Railway v. Davenport,* 127 Iowa, 677.   Upon the question thus made, and as in that case, the members of the court are equally divided in opinion. It follows that upon the appeals of the defendant, common to all the cases, the several judgments must stand affirmed by operation of law.

Respecting the appeal by the railway company, it is to be said that the cases involve assessments for municipal purposes attempted to be made by the assessor of the defendant city upon the properties of the several plaintiffs used exclusively in railway operation, and it appears that in proceeding the assessor did not search out any property for himself, or exercise any independent judgment as to the value thereof.   What he did was simply to copy the list of the property, and take the value thereof, as contained in the certificate of assessment for the year made by the execu-

tive council of the State.  A majority of the court are agreed in the opinion that an assessment as thus attempted to be made was not authorized or proper in any event.  If it were conceded that the defendant city is bound by the general railway assessment law, then as to, railway property the assessor has no function to perform.  If, on the other hand, it were conceded that the railway assessment law does not apply to special charter cities, then manifestly the duty resting upon the assessor is to ascertain for himself the property situate within his city subject to taxation, and to fix the value thereof solely in accordance with his own judgment respecting such matter.  As the decrees entered in the court below require the defendant city to correct its assessment to correspond with the assessment as made by the executive council, and upon the basis of taxable values, the plaintiff has no substantial cause for complaint.— *Affirmed.*